**Richard M. CORNWALL and Maureen Cornwall, Plaintiffs**

v.

**UNITED STATES of America, Defendant.**

No. C-99-58.

United States District Court
D. Utah,
Central Division.

June 17, 1959.

Irving H. Biele, Salt Lake City, Utah, for plaintiffs.

A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, for defendant.

RITTER, Chief Judge.

This cause came on regularly before the Court on Stipulation of Facts and submission of authorities and the Court having heard the evidence and considered the Stipulations of the parties finds the facts and states the conclusions of law as follows:

Findings of Fact

1. Plaintiff, Richard M. Cornwall, is the sole owner of the Cornwall Ware-

house Company and was the owner during all the years herein involved. Mr. Cornwall purchased this business from his father's estate. The last will and testament of James H. Cornwall, the father of the plaintiff, Richard M. Cornwall, was duly admitted to probate in the District Court of Salt Lake County, State of Utah, following James H. Cornwall's death on November 2, 1950.

2. That the will of James H. Cornwall, as duly admitted to probate, contained a provision authorizing the sale of the warehouse business to the plaintiff, Richard M. Cornwall, but the sale was under certain conditions and one of the conditions as contained in the will is as follows:

"A. Out of the proceeds of said business my said sons or son electing to purchase the same shall pay to Joseph D. Blaine, Salt Lake City, Utah, the sum of $50.00 per month during any period of time in which my said son or sons shall, in their or his uncontrolled discretion determine that the said Joseph D. Blaine shall be incapacitated from performing remunerative work and to likewise pay to Edna M. Tomlinson $50.-00 per month during any period of time in which my said son or sons shall in their or his uncontrolled discretion determine that the said Edna M. Tomlinson shall be incapacitated from performing remunerative work."

3. On April 30, 1951, the trustee of James H. Cornwall's Estate, the First Security Bank of Utah, as seller, executed an agreement with Richard M. Cornwall, as buyer, of the warehouse premises.

4. That one of the provisions and conditions of the purchase as set forth in the purchase agreement between the plaintiff and the executor of the estate of James H. Cornwall is as follows:

"A. 4. The Buyer covenants and agrees with the Seller that until he has made full payment of the purchase price of said business he will devote his entire time to the conduct thereof; that he will submit monthly operating statements thereof to the Seller and that he will not withdraw from the profits of such business more than $500.00 per month except with the prior written consent of the Seller nor in any event will he in any year withdraw an amount in excess of 15% of the gross storage revenue of such business for the preceding year and that he will pay to Joseph D. Blaine the sum of $50.00 per month during any period of time in which, in his judgment, the said Joseph D. Blaine shall be incapacitated from performing remunerative work and will likewise pay to Edna M. Tomlinson the sum of $50.00 during any period of time in which, in his judgment, the said Edna M. Tomlinson is so incapacitated."

5. The District Court of Salt Lake County, State of Utah, affirmed the sale by its decree and order of partial distribution on May 2, 1951.

6. That the Probate Court in and for Salt Lake County in the Matter of the Estate of James H. Cornwall entered a Decree of Partial Distribution on May 2, 1951, approving and ratifying said sale and that a pertinent and appropriate part of said Decree of Partial Distribution is as follows:

"* * * it is hereby ordered, adjudged and decreed that the warehouse business, property and property rights used in connection therewith, including all leases and equipment, cash and accounts receivable * * * be and the same is hereby distributed and set over unto First Security Bank of Utah, N. A., as Trustee; and said Trustee is directed to enter into the contract of sale and purchase with Petitioner in the form and on the terms set forth in the contract attached to the Petition. * * *"

7. Subsequently, Richard M. Cornwall did pay to the parties named in the will

and contract the sum of $1,200 in each of the years 1953 and 1954 according to the contract, and also paid insurance premiums on the life of Joseph D. Blaine of $85.57 in 1953 and $84.63 in 1954. Joseph D. Blaine and Edna M. Tomlinson were former employees of the Cornwall Warehouse Company when owned by James H. Cornwall. Both retired in 1949 and received pensions from James H. Cornwall prior to his death.

8. That on March 6, 1916, a corporation was organized known as Jennings-Hanna Warehouse Company and said company is one of the predecessor companies to the present taxpayer, having commenced operations at the present business location and continued operations at said location until July 23, 1920, when said corporation's name was changed to Jennings-Cornwall Warehouse Co. That Jennings-Cornwall Warehouse Co. continued operations in the present location of the taxpayer and in the same line of business until July 8, 1940, on which date a decree of dissolution was entered in the District Court of Salt Lake County, State of Utah and the warehouse operation carried on under a sole proprietorship known as James H. Cornwall, d/b/a Cornwall Warehouse Company. That said proprietorship continued business in the same location until November 2, 1950, the date of the death of James H. Cornwall. That Richard M. Cornwall, the plaintiff taxpayer, purchased the business from the Estate of James H. Cornwall on May 2, 1951, and has continuously operated the same since such date.

9. That Joseph D. Blaine was employed by the predecessor company Jennings-Hanna Warehouse Company in approximately 1916 and worked continuously for said company and its successor companies (Jennings-Cornwall Warehouse Co., and James H. Cornwall, d/b/a Cornwall Warehouse Company) until the date of his retirement in 1949.

10. That James H. Cornwall, and his successors (First Security Bank of Utah, N. A., executor and trustee under the last will and testament of said James H. Cornwall and the plaintiff taxpayer, Richard M. Cornwall, d/b/a Cornwall Warehouse Company), have since the date of the retirement of the said Joseph D. Blaine paid over and unto him as retirement pay the sum of $50 per month and the annual premiums due on a life insurance policy.

11. That Edna M. Tomlinson was employed by the predecessor company, Jennings-Cornwall Warehouse Company, in approximately the year 1921 and was continuously employed by said company and its successor, James H. Cornwall, d/b/a Cornwall Warehouse Company, until the date of her retirement in the year 1949.

12. That James H. Cornwall, and his successors (First Security Bank of Utah, N. A., executor and trustee under the last will and testament of said James H. Cornwall and the plaintiff taxpayer, Richard M. Cornwall, d/b/a Cornwall Warehouse Company), have since the date of the retirement of the said Edna M. Tomlinson paid over and unto her as retirement pay the sum of $50 per month.

13. Plaintiffs deducted the above sums from their gross income on their federal income tax returns, Schedule C, for the years 1953 and 1954 as ordinary and necessary business expense.

14. Upon audit examination the Internal Revenue Service disallowed these amounts as valid deductions and timely assessed a deficiency for these and other items on February 15, 1957.

15. On February 26, 1957, plaintiffs paid the aforementioned assessment in full and timely filed Form 843, Refund Claim on January 20, 1958, seeking recovery of $372.80 for 1953 and $324.00 for 1954, the amount of tax plaintiffs claim is due and owing them by reason of the disallowance of the aforementioned pension and life insurance premium deductions.

16. The Commissioner of Internal Revenue rejected these claims by registered letter of July 18, 1958, and this suit was timely filed on August 14, 1958.

17. That the expenditures incurred by the plaintiff in making payments to Joseph D. Blaine and Edna M. Tomlinson as in these facts set forth were ordinary and necessary expenditures incurred in the course of the plaintiff's business.

### Conclusions of Law

1. That the payments made by the plaintiffs to and for the benefit of Joseph D. Blaine and Edna M. Tomlinson in the years 1953 and 1954 were ordinary and necessary business expenses and deductible by the plaintiff in computing his taxable income.

Now, therefore, it is ordered that the Internal Revenue Service calculate the amounts refundable to the plaintiff and submit the same to the plaintiff so that an appropriate judgment may be entered in accordance herewith.